IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-00328-BL-JTA |
| | ) | |
| CHRISTOPHER WEST, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>**MEMORANDUM OPINION AND ORDER**</u>

The Petitioner, a pretrial detainee proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  In his § 2241 Petition, the Petitioner raises multiple issues regarding his pending state court criminal case, *State of Alabama v. Johnson*, No. CC-2021-900010, including the timeliness of his initial appearance, the ineffective assistance of his counsel, and the violation of his right to a speedy trial.  (Doc. 1 at 6–8).  For the reasons explained below, the Petitioner's § 2241 Petition will be **DISMISSED** without prejudice for failure to exhaust all available state remedies.

"It is by now well established that a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) (internal quotation marks and citation omitted) (applying exhaustion requirement to state pretrial defendant's

1

§ 2241 petition alleging his right to speedy trial had been violated by temporary suspension of criminal jury trials in response to COVID-19 pandemic); *see also Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner fully to exhaust state remedies"); *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("[A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

The two essential elements of exhaustion require that (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review." *Johnson*, 32 F.4th at 1096 (internal quotation marks and citations omitted). State remedies are ordinarily not considered exhausted if a petitioner may present his claims to the state courts by any available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 (1973); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that, to fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

2

The Eleventh Circuit has further explained that an unexhausted § 2241 petition may be barred for an additional, independent reason—the application of the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971).  *See Johnson*, 32 F.4th at 1099; *see also Lewis v. Broward Cnty. Sheriff Off.*, No. 20-14603, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021) (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)) ("'When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'"); *Gates v. Strain*, 885 F.3d 874, 882 (5th Cir. 2018) (holding that "the alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding").[1]

The Petitioner contends, and his state court records confirm, that he filed a habeas corpus petition in the circuit court shortly before filing the instant § 2241 Petition.  *See Johnson v. State of Alabama*, No. CV-2023-000007.  There is a hearing on the state habeas petition currently scheduled for April 2, 2026.  *Id*. (Doc. 46).  If his state habeas petition is denied by the circuit court, the Petitioner may file a petition for writ of habeas corpus in the Alabama Court of Criminal Appeals and, if

---

[1] The Supreme Court has established that a petitioner's request to enforce a state's obligation to bring him promptly to trial is generally attainable through federal habeas corpus.  *See Braden*, 410 U.S. at 489–90.  However, "the requirement of exhaustion of state remedies still must be met." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Tooten v. Shevin*, 493 F.2d 173 (5th Cir. 1974), cert. denied, 421 U.S. 966 (1975)); *see also, e.g., Carpenter v. Sec'y, Dep't of Corr.*, No. 8:18-cv-823-T-17CPT, 2018 WL 10847429, at *1 (M.D. Fla. Apr. 6, 2018) (explaining that, in accordance with *Braden*, "federal courts may intervene only after [a petitioner] has exhausted all available state remedies in relation to his speedy trial demand or claim").

that is denied, file a petition for writ of certiorari in the Alabama Supreme Court. *See, e.g. Marshall v. Richie*, No. 2:18-cv-808-ECM, 2018 WL 6985203, at \*2 (M.D. Ala. Nov. 30, 2018) ("A defendant's Sixth Amendment right to a speedy trial may be asserted in the Alabama trial courts by motion and, if the motion is denied, by a state petition for writ of habeas corpus, the denial of which may be appealed.") (citations omitted). Similarly, if the circuit court fails to act on the petition, the Petitioner may file a petition for writ of mandamus in the Alabama Court of Criminal Appeals and, if that is denied, file a petition for writ of mandamus in the Alabama Supreme Court. *See* ALA. R. APP. P. 21.

There is no indication, either in the instant action or the Petitioner's state habeas action, that the Petitioner presented his claims to the appellate court or the Alabama Supreme Court before filing this action. Absent such a showing, this court cannot grant relief on the Petitioner's instant § 2241 Petition. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *O'Sullivan*, 526 U.S. at 845 (providing that exhaustion is not complete unless the state courts have been given "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

4

Therefore, because the Petitioner failed to fully exhaust all available state remedies before filing the instant § 2241 Petition and has failed to establish that such remedies are unavailable or ineffective, the court concludes that the instant Petition should be dismissed without prejudice so that the Petitioner may exhaust his available state remedies.[2]

Accordingly, based on the foregoing, it is **ORDERED** as follows:

1.  This case is **DISMISSED** without prejudice; and

2.  All pending motions are **DENIED** as **MOOT**.[3]

A Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 31st day of March, 2026.

_____
**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that the Petitioner's underlying criminal case is set for trial on June 15, 2026, and the Petitioner is represented by counsel in that case. *See State of Alabama v. Johnson*, No. CC-2021-900010 (Doc. 266). The Petitioner's criminal counsel may be of assistance to the Petitioner in resolving any issues he may have regarding that case.

[3] Currently pending are two motions in which the Petitioner seeks appointment of counsel. (Docs. 61 & 71). "In federal habeas proceedings, appointment of counsel prior to an evidentiary hearing is necessary only when due process or the 'interests of justice' require it." *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994) (quoting 18 U.S.C. § 3006A(a)(2)(B)). The Eleventh Circuit has held that, where "the habeas corpus petition lacked merit, the district court properly could decide not to conduct a hearing or appoint counsel." *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983). The instant § 2241 Petition lacks merit insofar as the Petitioner has failed to fully exhaust his state remedies prior to filing. Therefore, his request for appointment of counsel in this proceeding is due to be denied.